UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**JUN 1 3 2008**

BY DAVID J. MALAND, CLERK
DEPUTY _____

TORY DAMON JOHNSON #750231        *

APPLICANT,        *

V.        *   CIVIL ACTION NO.

NATHANIEL QUARTERMAN, DIRECTOR*        9:08cv109

T.D.C.J.-C.I.D. ,        *

RESPONDENT.    *


APPLICANT MEMORANDUM OF LAW, FACT SUPPORTING

28  USC  §2241  APPLICATION  HABEAS  CORPUS


TO THE HONORABLE JUDGE OF SAID COURT:

COMES  NOW,  TORY  JOHNSON  #750231,  your  pro se applicant  in
Cause  sub  judice  an  notifies  the Court of his pro-se status,
bot  being  versed or learned in lawor theories of legal pleading
and  would  therefore  invoke  protections of HAINES V. KERNER,
94  S.  CT.  594  (19720  progeny  thereof as initial standard of
review in this Cause of action from GRIEVANCE PROCESS  throughout
Certificate of Service in final pleadings filed.

Additionally,  APPLICANT   avers he is properly before this Court
via  28  USC  § 2241. U.S. V. TUBWELL, 37 F.3d 175, 177 (5th Cir.
1994);  MOURNING  V.  DRETKE, # 9:05 CV 247 (E. Dist. Tex. 2006);
LOPEZ V. DIRECTOR, TDCJ-CID (E. Dist. Tex. 2005).

Discussion:

1) BLACK LAW DICTIONARY2nd ED.  SETS FORTH  THE FOLLOWING DEFINITION
OF THE LEGAL TERM "EVIDENCE" AS "(A) SOMETHING [INCLUDING TESTIMONY
DOCUMENTS,  AND TANGIBLE  OBJECTS] THAT TENDS TO PROVE THE EXISTENCE

OR DIS-PROVE THE EXISTENCE OF AN ALLEGED  FACT" ; (C) "THE COLLECTIVE
MASS  OF  THINGS, TESTIMONY, EXHIBITS PRESENTED BEFORE A TRIBUNAL
IN IN A GIVEN DISPUTE.", Comm. "EVIDENCE IS ANY MATTER OF FACTWHI
WHICH IS FURNISHED TO A LEGAL TRIBUNAL, OTERWISE THAN BY REASONING
OR  A  REFERENCE TO , WHAT IS NOTICED WITHOUT PROOF, AS THE BASIS
OF  INFERENCE  IN ASCERTAINING SOME OTHER MATTER OF FACT." JAMES
B.  THAYER,  "PRESUMPTIONS AND  THE  LAW OF EVIDENCE", 3 HARVARD
LAWREV.  141,  142  (1889),2)  APPLICANT HAS EXHAUSTED HIS STATE
REMEDY VIA "GRIEVANCE/APPEAL  PROCESS" (EXHIBIT  II  herewith)
LERMA  V.  ESTELLE,  585  F.2d 1297  1298-1299 (5th Cir. 1976);
EX PARTE PALOMO ; 759 S.W. 2d  671, 674 (TX. CR. APP.  1988).
3) APPLICANT AVERS TO THE COURT THAT IN THE INSTANT CAUSE  OF
ACTION  THE  RESPONDENT HAS  FAILED  IN  IT,S BURDEN  TO PRODUCE
ANY EVIDENCE AT THE CHALLENGED DISCIPLINARY HEARING THAT APPLICANT
AND  APPLICANT  ALONE,  ,  NONE  OF THE OTHER 80 OFFENDERS LIVING
ON  SAME  OPEN  DORMITORY  AREA,  HAD  ACTUAL KNOWLEDGE OF THE
EXISTENCE  OF  ANY  MARIJUAN/CONTRABANDFOUND IN THE "WINDOW FRAME
ACCESSIBLE  ONLY  THROUGH  OFFENDER  SHACKLEFORD ASSIGNED CUBICLE
AREA". THE SOME EVIDENCE STANDARD HAS NOT BEEN MET HERE.  BROUSSARD
V. JOHNSON 918 F. SUPP. 1040 (E. Dist. Tex. 2000) SEE ALSO :
"AFFIDAVIT" OF TORY DAMON JOHNSON, EXHIBIT 111 HERWITH.
4) APPLICANT AVERS TO THS COURT HERE THAT THE RESPONDENT  FAILED
IN THEIR LEGAL BURDEN OF PROOF TO ESTABLISH THAT APPLICANT POSSESSED
THE  REQUISITE  "INTENT  TO  POSSESS" THE CONTRABAND MARIJUANA HE
WAS  FOUND  GUILTY OF POSSESSING. NEITHER WAS EVIDENCE INTRODUCED
INDICATING  EXISTENCE  OF  A  CONSPIRACY  BY APPLICANT TO POSSESS
ALLEGED  CONTRABAND  MARIJUANA, HIDDEN  OR  OTHERWISE, IN A LIVING
AREA ACCESSIBLE BY SOME 80 OTHER PRISON OFFENDERS.

IT IS WELL ESTABLISHED FEDERAL LAW THAT "MENS REA" IS A TOTALLY
ESSENTIAL REQUIREMENT OF THE FEDERAL CONSTITUTION DUE PROCESS
OF LAW CLAUSE APPLICABLE TO STATES THROUGH 14 TH AMENDMENT
U.S. CONSTITUTION. APPLICANT , FROM THE BEGGINING OF HIS ARREST
IN THIS CASE, HAS ASSERTED HIS TOTAL LACK OF ANY KNOWLEDGE OR
INTENT TO POSSESS ANY CONTRABAND MARIJUANA. "MERE PRESENCE IN
A LIVING AREA " ACCESSIBLE TO 80 OTHER LIKE SITUATED OFFENDERS
(WHICH APPLICANT WAS NOT EVEN PRESENT AT TIME MARIJUANA WAS
FOUND), DOES NOT, CANNOT SUSTAIN A FINDING OF GUILT THAT RESULTS
IN ADVERSE AFFECTS TO APPLICANTS CONSTITUTIONAL RIGHTS OR EXERCISE
OF APPLICANTS INSTITUTIONAL LIBERTY. SMITH V. RABALAIS, 659
F.2d 542-547; BROUSSARD V. JOHNSON, 253 F.3d 874 (5th Cir.
2001).

5) THE LEGAL STANDARD FOR DUE PROCESS IN PRISON DISCIPLINARY
HEARINGS IS THAT THERE BE SOME EVIDENCE TO SUPPORT DISCIPLINARY
DECISIONS. SUPERINTENDENT, MASS. CORR. INST. V. WALPOLE HILL,
472 U.S. 445 ; 105 S. Ct. 2768, 2774 (1985). WHETHER OR NOT
THERE EXIST SOME EVIDENCE IS A QUESTION OF LAW REVIEWED DE NOVO.
HUDSON V. JOHNSON, 242 F.3d 534, 535 (5th Cir. 2001) ; RICHARDS
V. DRETKE, 394 F.3d 291, 292 (5th Cir .) .

6) IN "BROUSSARD" SUPRA. , THE COURT REASONED "PRISONERS RIGHTS
TO PROCEDURAL DUE PROCESS VIOLATED BY RELIANCE ON CREDIBILITY
OF INFORMANT WITHOUT INDEPENDENT EVALUATION" (as here) ; "COMPETENT
EVIDENCE DID NOT SUPPORT FINDING OF GUILT" as here); "PRISONERS
LOSS OF GOODTIME WHICH IS GRANTED BY STATUTE AND MAY BE FORFEITED
ONLY FOR MIS-CONDUCT, IMPLICATES LIBERTY INTEREST PROTECTED
BY DUE PROCESS CLAUSE" · "COMPETENT EVIDENCE OFFERED AT
DISCIPLINARY HEARING IN WHICH PRISONERS WERE FOUND GUILTY

OF 'POSSESSION OF CONTRABAND' INTENDED FOR USE IN ESCAPE DID NOT SUPPORT FINDING OF GUILT.", "TO SINGLE OUT PRISONERS FROM THREE SHIFTS OF 100 WORKERS (here 80) IN AREA IN WHICH BOLT CUTTERS (here marijuana) WERE FOUND DID NOT SUPPORT FINDING THAT PRISONERS SELECTED WERE PERSONS RESPONSIBLE FOR HIDING BOLT CUTTERS." (SEE EXHIBIT III. "AFFIDAVIT" of TORY DAMON JOHNSON; and "HEARING TAPE #4595' wherein CAPT. B. LAMB admits 'marajuana found in GENERAL AREA).

7) FURTHER, PLAINLY CONTRARY TO WOLFF V. McDONNELL,478 U.S. 539 (1984) , RUIZ V. ESTELLE. 666 F.2d 854, 869 (5th Cir. 1982) CAPT. B. LAMB ACTED IN CAPACITY OF "CHARGING OFFICER" ; "INVESTIGATING OFFICER" ; "PARTIAL DISCIPLINARY HEARING OFFICER OBJECTIVELY DENYING ME "FAIR", "NEUTRAL", "IMPARTIAL " DISCIPLINARY PROCEEDING IN CASE # 20080141627. SEE: HEARING TAPE #4595 . side B, LINES 299-550.

8) CAPT. B. LAMB FURTHER VIOLATED MY RIGHTS TO DUE PROCESS OF LAW IN PRISON DISCIPLINARY HEARINGS BY DENYING ME 8 OFFENDERS TESTIMONY WHOM WERE WITNESSES AS TO WHEN AND WHERE AND HOW THE SUSPECT MARIJUANA WAS ACTUALLY FOUND. THESE WITNESSES WERE TIMELY, OBJECTIVELY REQUESTED AND WERE EASILY AVAILABLE AT EASTHAM UNIT AT TIME OF HEARING, NEVERTHELESS , DENIED BY CAPT. B. LAMB AT, DURING SAID HEARING WHEREIN CAPT. HAZEL ENGLISH KITCHENS WAS ALLEGED "HEARING OFFICER". REVIEW HEARING TAPE # 4595 FOR LAMB DENIALS..

9) CAPT. B. LAMB , ACTING IN CONCERT WITH CAPT. HAZEL KITCHENS ENGLISH DID ALSO DENY MY RIGHT TO CONFRONT OFFENDER REGINALD SHACKLEFORD, THE ALLEGED INFORMANT SUPPOSEDLY GIVING TESTIMONY

AGAINST ME WHEN , IN FACT, HIS IDENTITY WAS KNOWN ALL ALONG BY MANY OFFENDERS, HE WAS REASONAB LY AVAILABLE FOR HEARING TESTIMONY ( although when found out that he FAILED urinalysis and I passed urinalysis  SHACKLEFORD was immediately shipped to another  TDCJ-CID unit).

10)  CAPT.  B.  LAMBIN CONCERT WITH CAPT. HAZEL KITCHENS ENGLISH DID  DENY  MY  REQUEST/RIGHT TO "FINGERPRINT ANALYSIS" OF ALLEGED MARIJUANA  PACKAGE,  CONTAINER  THAT  WAS  CHARGED AS BEING IN MY OBJECTIVE  POSSESSION.  AKE  V.  OKLAHOMA,   470  U.S. 68 (1985), AND  PROGENY...  IN  LIEU  THEREOF  ,  CAPT. B. LAMB TESTIFIED TO HIS  PERSONAL,  INDIVIDUAL,  ONLY  ANALYSIS  OF  SAID MARIJUANA "GREEN LEAFY SUBSTANCE" AS IN FACT BEING MARIJUANA WHEN IN TRUTH AND FACT NEITHER B. LAMB , NOR HAZEL K. ENGLISH HAD ANY PROFESSIONAL TRAINING  ALLOWING  FOR  SUCH  "FACT FINDING" . AKE V. OKLAHOMA, SUPRA. , WOLFF V. McDONNELL, SUPRA.. (NEITHER OFFICER QUALIFIED TO  MAKE  PROFESSIONAL EVALUATION ALLEGED "GREEN LEAFY SUBSTANCE" WAS IN FACT , MARIJUANA..       ANOTHER DUE PROCESS OF LAW VIOLATION

11)  CAPTAIN  HAZEL  K.  ENGLISH, ACTING IN CONCERT WITH CAPT. B. LAMB  TO  VIOLATE  AND VIOLATING MY FEDERAL CONSTITUTIONAL RIGHTS TO  SUBSTANTIVE  DUE  PROCESS  OF  LAW AND PROCEDURAL DUE PROCESS OF  LAW  DID  KNOWINGLY  AND  WITH CRIMINAL INTENT FIND ME GUILTY OF  POSSESSION  OF  MARIJUANA ABSENT REQUIRED SCIENTER (KNOWLEDGE OR  INTENT)  IN  A  MANNER CLEARLY INCONSISTENT WITH AND CONTRARY TO  WELL  ESTABLISHED  U.S.  SUPREME COURT AUTHORITIES BASED UPON AND ONLY UPON THE NON-COMPETENT , PLAINLY UNRELIABLE  (SHACKLEFORD URINALYSTS  TESTED  POSITIVE  FOR  DRUG  CONTENTS  )(MY IDENTICAL URINALYSIS TESTED NEGATIVE FOR DRUG CONTENT)TESTIMONY OF REGINALD SHACKLEFORD . WOLFF, SUPRA. ; AKE , SUPRA. ; TEAGUE V. QUARTERMAN 482 F.3d  769 (5th Cir. 2007). ALSO  "BROUSSARD" , SUPRA..

6

12) THE NON-COMPETENT STATURE OF EASTHAM /AGENCY EVIDENCE UTILIZED
TO SUATAIN CONVICTION AGAINST ME IN DISCIPLINARY ACTION # 20080141627
RENDERED SUCH EVIDENCE INSUFFICIENT TO ESTABLISH I KNOWINGLY
OR INTENTIONALLY POSSESSED ANY MARIJUANA AS CHARGED AGAINST
ME IN PLAIN VIOLATION OF MY 14th AMENDMENT FEDERAL RIGHTS
TODUE PROCESS OF LAW (SUBSTANTIVE), DUE PROCESS OF LAW (PROCEDURAL)
HUDSON, SUPRA. ; BROUSSARD, SUPRA. ; SMITH V. RABALAIS, 659
F. 2d 542-547; RICHARDS V. DRETKE, 394 F.3d 291, 293 (5th Cir.2005)
WALPOLE HILL, SUPRA. : AKE, SUPRA..

13) CAPT. B. LAMB, WHILE ALLURING IN CAPT. HAZEL K. ENGLISH PLAINLY
KNEW THE ALLEGED TESTIMONY (IF ANY EXISTED) OF REGINALD SHACLEFORD
WOULD NOT PASS LEGITIMATE AGENCY SCRUTINY REQUIRED TO ESTABLISH
RELIABILITY , CREDIBILITY OF THE INFORMANT (REGINALD SHACKLEFORD)
IN A MANNER ADEQUATETO PROTECT MY DUE PROCESS OF LAW RIGHTS,
OR AGENCY INTEGRITY IN FAIR DISCIPLINARY PROCEEDINS BECAUSE
BOTH LAMB AND ENGLISH KNEW THAT THE ALLEGED MARIJUANA WAS ACTULLY,
FACTUALLY FOUND IN THE INFORMANTS HOUSING CUBICLE AREA "AFTER
INFORMANT FAILED A URINALYSIS"; and was questioned about the
RESULTS OF SAID URINALYSIS; SAID INFORMANT ALSO FALSLY INVOLVED
TWO AGENCY OFFICERS WHO BECAME ANGRY ABOUT CAPT. LAMB ACCEPTING
THE OFFENDERS TESTIMONY OVER THEIRS AND THEN QUIT THEIR JOBS
AT EASTHAM UNIT. ALL OF THE ABOVE AND FORGOING PLAINLY DIS CREDIT
NOT ONLY SHACLEFORD RELIABILITY BUT AGENCY INTEGRITY WAS CAST
INTO SERIOUS JEOPARDY BY COLLUSIVE ACTIONS FURTHERING THE FRAUD
BY CAPT. B. LAMB AND CAPT. HAZEL KITCHENS ENGLISH. THE RESULTING
DISCIPLINARY HEARING CONVICTION MUST NOT BE ALLOWED TO STAND
IN LIGHT OF SUCH OBJECTIVE PERFIDY ON BEHALF OF CAPT. B. LAMB..

RESPECTFULLY SUBMITTED,

X----------------------------

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20080141627  TDCJNO: 00750231  NAME: JOHNSON,TORY DAMON         EA: 13.9
UNIT: EA  HSNG: DORM 08 062       JOB: JANITOR BUILDING 2ND             IQ: 085
CLASS: S3  CUST: G2  PRIMARY LANGUAGE: ENGLISH          MHMR RESTRICTIONS:    NO
GRADE: MA / MB  OFF.DATE: 01/28/08  10:00 AM   LOCATION: EA 08 DORM
TYPE: ID

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 08 DORM WINDOW SEAL, OFFENDER:
JOHNSON,TORY DAMON, TDCJ-ID NO. 00750231, POSSESSED MARIJUANA,NAMELY, 2 OZ OF
MARIJUANA.

CHARGING OFFICER: LAMB, B, CAPT.                    SHIFT/CARD: 1 H

### OFFENDER NOTIFICATION   IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 1/28/08   3300.PM  BY:(PRINT)    A.Oliver
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY (NOT GUILTY)
OFFENDER NOTIFIED ON-SIGNATURE: _____   DATE: 1/28/08
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____        DATE: _____

### HEARING INFORMATION

HEARING DATE: 1/30/08   TIME: 9:14a   TAPE# 435   SIDE# B  START# 299  END# 550
COUNSEL SUBSTITUTE AT HEARING: AD  TAPE#         SIDE#     START#     END#
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _____
Confidential declined to know name of employee used as the

| OFFENSE CODES: | 12.0 | | | | |
|---|---|---|---|---|---|
| OFFENDER PLEA: (G, NG) NONE) | NG | | | | |
| FINDINGS: (G, NG, DS) | | | | | |

REDUCED TO MINOR(PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__ BY:(INITIAL)__
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER,
EXPLAIN IN DETAIL: marijuana, officer report, testimony, photo, testing results

### PUNISHMENT

LOSS OF PRIV(DAYS):        REPRIMAND .........        SOLITARY(DAYS).....
 *RECREATION(DAYS):        EXTRA DUTY(HOURS)......     REMAIN LINE 3......
 *COMMISSARY(DAYS) 45      CONT.VISIT SUSP THRU _/_    REDUC.CLASS FROM 53 to 3
 *PROPERTY(DAYS):          CELL RESTR(DAYS) ...... 45  GOOD TIME LOST(DAYS): 364
 * ___(DAYS).....          SPECIAL CELL RESTR(DAYS)... DAMAGES/FORFEIT.$____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____
Unauthorized drugs will not be tolerated

CREDIT FOR PRE-HEARING DETENTION TIME: YES(DAYS) 2  NO / NA  25
DATE PLACED IN PRE-HEARING DETENTION: 2        HEARING LENGTH 25 (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X T.Johnson
HEARING OFFICER (PRINT)    WARDEN              STATE CLASS.COMMITTEE MEMBER
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.



# Texas Department of Criminal Justice

# STEP 2  OFFENDER GRIEVANCE FORM

Offender Name: Johnson, Tory Damon TDCJ # 750231

Unit: Eastham   Housing Assignment: I-3-06

Unit where incident occurred: Eastham Disciplinary Comm.

**OFFICE USE ONLY**

Grievance #: 2008087097

UGI Recd Date: FEB 15 2008

HQ Recd Date: FEB 21 2008

Date Due: 3-21-08

Grievance Code: 408/405/410

Investigator ID #: 28087

Extension Date: 4-25-08

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be specific).   I am dissatisfied with the response at Step 1 because... Appeal # 2008087097

Captain B. LAMB and Captain H. Kitchens English have PLAINLY, OBJECTIVELY violated my United States of America Constitutional Right to "Due Process of Law"; "Compulsory Process for Witnesses"; "Confrontation of my Accusers;" Knowingly, and with criminal intent to do so. Warden G. Oliver is either incompetent to conduct his professional duties pertaining to impartial review of disciplinary proceedings or has Knowingly, with criminal intent, freely chosen to support and encourage such constitutional right violations and therefore is guilty of conspiracy to further violate my U.S. Constitutional rights above referenced. All in plain, objective violation of Texas Employee Conduct Code, PD-21 §43 On/Off Duty Conduct calculated to jeopardize and jeopardizing Agency (TDCJ-CID) integrity and professional conduct of Agency program operations (Grievance Procedures) and the First, Fifth, Fourteenth Amendments to our Constitution of United States of America.

I-128 Front (Revised 9-1-2001)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Offender Signature: _Jory Johnson_ #75D231_                      Date: _Feb. 13, 2008_

**Grievance Response:**

Major Disciplinary Case # 20080141627 has been reviewed.  The disciplinary charge for code 12.0 was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence.  All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines.  You were properly advised at Step 1.  No further action is warranted in this matter. JC-D

MAR 0 6 2008

**Signature Authority:** _V.L. Brisher_                      **Date:**

V. L. BRISHER, ASST ADMINISTRATOR

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 6. Inappropriate. *

**CGO Staff Signature:** _____

I-128 Back (Revised 9-1-2001)

**OFFICE USE ONLY**

**Initial Submission**                    CGO Initials:_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened   ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**2ⁿᵈ Submission**                    CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened   ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**3ʳᵈ Submission**                    CGO Initials:_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened   ____Improperly Submitted

Comments:_____

Date Returned to Offender:



# Texas Department of Criminal Justice

## OFFENDER GRIEVANCE FORM

# STEP 1

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2008087097 |
| Date Received: | FEB 05 2008 |
| Date Due: | 3-1408 |
| Grievance Code: | 408 /405 /410 |
| Investigator ID #: | 20300 |
| Extension Date: | NONE |
| Date Ret'd to Offender: | FEB 13 2008 |

Offender Name: JOHNSON , TORY DAMON    TDCJ #: 750231

Unit: EASTHAM    Housing Assignment: 8/DORM

Unit where incident occurred: 8 DORM. GENERAL AREA..

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? APPEAL FROM DISCIPLINARY ACTION    When? 1/30/2008

What was their response?    N/A

What action was taken?    N/A

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

I AM APPEALING DISCIPLINARY ACTION IN CASE #.20080141627 ON BASIS OF NUMEROUS 'DUE PROCESS OF LAW' VIOLATIONS, AS LISTED INFRA.

1) CAPTAIN B. LAMB ACTED IN CAPACITY OF "INVESTIGATING OFFICER" ; "CHARGING OFFICER" ; "DISCIPLINARY HEARING OFFICER" a priori IN THIS CASE WHICH PLAINLY DENIED ME NEUTRAL , IMPARTIAL DISCIPLINARY HEARING OFFICER FOR FACT FINDING PROCESSES. (1st ; 5th; 6th , 14th Amends. U.S.C.A.).. WOLFF V. McDONNELL , 478 US 539 (1984) ; RUIZ V. ESTELLE, 666 F2d 854, 869 ( 5th Cir. 1982) , see "HEARING TAPE # 4595-B, Lines 299 thru 550..

2) CAPTAIN B. LAMB , ACTING IN CONJUNCTION WITH EASTHAM DISCIPLINARY CAPTAIN HAZEL KITCHENS ENGLISH, DENIED , OVER OBJECTIONS, MY "DUE PROCESS OF LAW" RIGHTS TO COMPULSORY PROCESS FOR WITNESSES IN MY BEHALF , WHO WERE PRESENT AT ALLEGED SCENE OF CHARGED INCIDENT.. (OFFENDERS ).. WOLFF , SUPRA..

3) CAPTAIN B. LAMB IN CONJUNCTION WITH CAPTAIN HAZEL KITCHENS ENGLISH DID FURTHER DENY ME , OVER OBJECTIONS , MY "DUE PROCESS OF LAW" RIGHTS TO CONFRONTATION OF ADVERSE STATE WITNESSES AGAINST ME ( INFORMANT REGINALD SHACKLEFORD-'OFFENDER', and8 DORM. SUPERVISOR-AGENCY) WOLFF, SUPRA.

4) CAPTAIN LAMB, IN CONJUNCTION WITH CAPTAIN HAZEL KITCHENS ENGLISH , DID DENY, OVER MY OBJECTION, MY "DUE PROCESS OF LAW "RIGHT TO FINGERPRINT ANALYSIS OF ALLEGED CONTAINER SUSPECT CONTRABAND WAS INSIDE OF AT TIME OF DISCOVERY, SAID CONTRABAND BEING CHARGED AS BEING IN MY OBJECTIVE POSSESSION, AKE V. OKLAHOMA, 470 US 68 (1985).. ; WOLFF, SUPRA..

5) CAPTAIN B. LAMB , OVER OBJECTIONS, DENIED ME MY "DUE PROCESS OF LAW" RIGHT TO EXPERT ANALYSIS OF SUSPECT "GREEN LEAFY SUBSTANCE" ALLEGED TO BE MARIJUANA POSSESSED BY ME, WHILE ADMITTING TO "TESTING SAME HIMSELF", NOT BEING PROFESSINALLY QUALIFIED TO DO SO IN FIRST INSTANCE.. AKE V. OKLAHOMA , SUPRA , ; WOLFF , SUPRA..

6) CAPTAIN B. LAMB, ACTING IN CONJUNCTION WITH CAPTAIN HAZEL KITCHENS ENGLISH, DID DENY ME MY "DUE PROCESS OF LAW" RIGHTS TO BE CONVICTED OF DISCIPLINARY OFFENSE WHEN THERE WAS NO EVIDENCE I KNOWINGLY , OR INTENTIONALLY POSSESSED ALLEGED CONTRABAND. TEAGUE V. QUARTERMAN, F3d ( 5th Cir. 2007) ; WOLFF, SUPRA. ; AKE, SUPRA. RICHARDS V. DRETKE, 394 F3d 291 , 293 (5th Iir. 2005)..; BROUSSARD V. JOHNSON, 253 F3d 874 (5th Cir. 2001)

7) ~~EVIDENCE NON-COMPETENT STATURE RENDERED SAME INSUFFICIENT TO SUSTAIN~~ DISCIPLINARY CONVICTION OFKNOWING, INTENTIONAL POSSESSION OFCONTRABAND ~~SUBSTANCE IN VIOLATION OF MY 14th AMENDMENT "DUE PROCESS OF LAW" GUARANTEE~~ HUDSON V. JOHNSON , 242 F3d 534 , 535 (5th Cir. 2001) ;broussard v. johnson 918 F. SUPP. 1040 (E. DT. TEX. 2000) ; SMITH V. RABALAIS, 659 F2d 542- ~~547 RICHARDS, SUPRA. ; BROUSSARD, SUP RA. ; MASS. INST. V. WALPOLE~~ HILL, 472 US 445 ; 105 S. CT. 2768, 2774 (1985).. *AKE V. OKLAHOMA, Supra..*

8) ~~AGENCY PROCEDURE RELIED UPON TO ESTABLSH RELIABILITY, CREDIBILITY~~ ~~OF INFORMANT INADEQUATE TO PROTECT MY DUE PROCESS OF LAW RIGHTS IN LIGHT~~ OF CAPTAIN B. LAMB, CAPTAIN HAZEL KITCHENS ENGLISH PERSONAL KNOWLEDGE CONTRABAND WAS FOUND IN WINDOW SILL ABOVE INFORMANTS CUBICLE NEXT TO MY ~~CUBICLE AND INFORMANT "TESTED POSITIVE URINALYSIS" WHILE I TESTED "NEGATIVE~~ URINALYSIS" FOR MARIJUANA THC IN OUR URINE SPECIMENS. INFORMANT "TRANSFERRED "NEXT DAY" TO ANOTHER UNIT.. THUS, EVIDENCE COULDNOT SUPPORT DISCIPLINARY ~~HEARING FINDING OF GUILTY ON MY BEHALF..~~

---

**Action Requested to resolve your Complaint.**
CASE # 20080141627 dismissed , expunged from my record, all prior status RESTORED.

---

**Offender Signature:** *Tarya Johnson* # 750231            **Date:** *February 4th 2008*

**Grievance Response:**

    : Disciplinary case # 20080141627 has been reviewed. It appears that sufficient evidence has been presented to support the finding of guilt and penalty imposed. No significant due process or apparent procedural errors to warrant overturning this case.

**Signature Authority:** *Warden Oliver* **WARDEN G. OLIVER**   **Date:** FEB 13 2008

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

---

**Returned because:    *Resubmit this form when corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days.*
- ☐ 3. Originals not submitted.*
- ☐ 4. Inappropriate/Excessive attachments.*
- ☐ 5. No documented attempt at informal resolution.*
- ☐ 6. No requested relief is stated.*
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language.*
- ☐ 8. The issue presented is not grievable.
- ☐ 9. *Vacant - discontinued 9-1-00*
- ☐ 10. Illegible/Incomprehensible.*
- ☐ 11. Inappropriate.*

**UGI Signature:** _____

☆**I-127 Back** (Revised 9-1-2001)

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **UGI Initials:** _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Rec'd from Offender: | |
| Date Returned to Offender: | |
| **2nd Submission** | **UGI Initials:** _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Rec'd from Offender: | |
| Date Returned to Offender: | |
| **3rd Submission** | **UGI Initials:** _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Rec'd from Offender: | |
| Date Returned to Offender: | |

TORY DAMON JOHNSON, # 750231

V.

NATHANIEL QUARTERMAN, DIRECTOR, T.D.C.J.-C.I.D..


A F F I D A V I T


(STATE OF TEXAS)
(COUNTY OF HOUSTON)


I, TORY DAMON JOHNSON #750231, UNDERSIGNED, DO HEREBY, HEREIN
SWEAR UPON OATH, UNDER PENALTY OF PERJURY, ACCORDING TO LAW,
THAT THE FOLLOWING STATEMENTS OF FACT, AVERMANTS, DECLARATIONS
ARE TRUE , CORRECT BEING BASED UPON MY OWN PERSONAL KNOWLEDGE,
AND EXPERIENCE..

1) I AM OFFENDER NAMED IN EASTHAM UNIT (TEXAS DEPT. OF CRIMINAL
JUSTICE, CORRECTIONS INSTITUTIONAL DIVISION [AGENCY]) "DISCIPLINARY
ACTION # 20080141627 PRESENTLY BEING LITIGATED ON HABEAS CORPUS
REVIEW , EASTERN DISTRICT, LUFKIN DIVISION,

2) ON, ABOUT JANUARY  30, 2008 I WAS ERRONEOUSLY FOUND GUILTY
OF "POSSESSING MARIJUANA" . I HAVE NEVER BEEN ARRESTED FOR OR
CONVICTED FOR ANY DRUG RELATED CRIME BEFORE IN MY LIFE.

3) I AM WELL OVER 21 YEARS OF AGE AND HAVE NEVER INDULGED IN
DRUG ABUSE OF ANY KIND.

4) ONJANUARY 28, 2008 I WAS ASSIGNED LIVING QUARTERS ON 8 DORM.
AREA WITH APPROXIMATELY 80  OTHER OFFENDERS WHO ENJOYED REASONABLE
ACCESS AT VARYING TIMES TO ANY AREA ON 8 DORM. PERIMETERS.

5) I HAVE PERSONAL KNOWLEDGE DISCOVERED AFTER MY DISCIPLINARY
HEARING WAS OVER THAT CAPT. B. LAMB AND FORMER EASTHAM CAPT.
C. TUCKER, CONSPIRED TO VIOLATE ANOTHER OFFENDERS (2 OFFENDERS)
DUE PROCESS OF LAW RIGHTS IN SIMILAR FASHION BUT DEPLOYING MORE
SUBTLE TACTICA (TUCKER TESTIFIED HE RECEIVED "ANONYMOUS TIP"
AT DISCIPLINARY HEARING WHEN IN FACT HE AND OTHER INVOLVED
OFFICERSDID KNOW THE INFORMANTS IDENTITY), SEE: MOURNING V.
DRETKE, # 9·05 CV 247 (E. Dist. TEX. 2006) "AFFIDAVIT" OF
JAMES DALE MOURNING ..( pg,s 2 , 3 at para. 4)

6) FURTERMORE, TWO YEARS EARLIER CAPT. B. LAMB, THEN A LIEUTENANT,
WAS INVOLVED IN ANOTHER FRAUDULENT DISCIPLINARY PROCEEDING ,
LOPEZ V DIRECTOR, TDCJ-CID (cite available) ALSO IN THE EASTERN
DISTRICT COURT HERE..

I HAVE A SOUND , SECURE BELIEF THAT I WAS DENIED DUE PROCESS
OF LAW RIGHTS THROUGHOUT MY DISCIPLINARY HEARING IN CASE # 200801
41627

AND  ALSO THAT WARDEN G. OLIVER ; ASSISTANT GRIEVANCE COORDINATOR
V.  L.  BRISHER  ACTED  IN  CONCERT  TO "COVER UP" EASTHAM AGENCY
OFFICERS CAPT. B. LAMB ,  CAPT. HAZEL KITCHENS ENGLISH  PERFIDIOUS
ACTIONS  IN  VIOLATING  MY  FEDERAL  RIGHTS TO DUE PROCESS OF LAW
IN  INSTITUTIONAL DISCIPLINARY ACTIONS AGAINST ME  IN OBJECTIVELY
KNOWING, AND CRIMINALLY INTENTIONAL  MANNER.

7)  THE  WITNESSES DENIED ME BY CAPT. LAMB, HAZEL K. ENGLISH WERE
MATERIAL  IN  NATURE  ,  SCOPE  IN THAT THEY WERE ABLE TO TESTIFY
FROM PERSONAL KNOWLEDGE THAT  'A' DURING THE ORIGINAL 'SHAKEDOWN'
OF  MY  8 DORMITORY CUBICLE SOME THREE OFFICERS , INCLUDING CAPT.
 B.  LAMB RIGOROUSLY TOOK MY CUBICLE APART AND FOUND "ABSOLUTELY
NO  NO  DRUG  CONTRABAND  ; CAPT. LAMB THEN LEFT THE AREA ( (WENT
AND  TOLD  SHACKLEFORD  HE  WAS  LYING, AT WHICH TIME SHACKLEFORD
GAVE CAPT. LAMB SPECIFIC INSTRUCTIONS ON HOW TO FIND THE CONTRABA
MARIJUANA) AND RETURNED TO MY CUBICLE , "WALKED INSIDE MY CUBICLE
ALONG  THE  WALL  NEXT TO SHACKLEFORD CUBICLE, STEPPED UP ON EDGE
OF  MY  BUNK AND LEANED WAY OVER INSIDE SHACKLEFORD CUBICLE AREA,
UP  ON  WINDOW  FRAME  IN  SHACKLEFORD CUBICLE AREA AND RETRIEVED
THE  SUSPECT  MARIJUANA.".. THE  ALLEGED  MARIJUANA  "NEVER WAS
INSIDE MY CUBICLE  AREA BUT INSIDE SHACKLEFORD,S".

RESPECTFULLY   SUBMITTED,

*Jory Damon Johnson*  # 750231
 TORY  DAMON  JOHNSON
 # 750231


VERIFICATION

I,  TORY  DAMON  JOHNSON  #  750231  BEING PRESENTLY INCARCERATED
AT THE EASTHAM UNIT, TEXAS DEPARTMENT CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONAL  DIVIDION  LOCATED  IN  HOUSTON  COUNTY  , TEXAS AT
2665  PRISON  RD.  #  1  , lovelady , texas 75851 do hereby swear
UPON  OATH  UNDER  PENALTY OF PERJURY , ACCORDING TO LAW THAT THE
FOREGOING  STATEMENTS  OF  FACT, AVERMENTS, DECLARATIONS ARE TRUE
AND CORRECT BASED UPON MY OWN PERSONAL KNOWLEDGE, EXPERIENCE.

*Tory Damon Johnson*  # 750231
 TORY  DAMON  JOHNSON
 # 750231